McAdam, J.
The attachment was obtained on the ground of £ an injury to personal property in consequence of fraud’ {Code, § 635, subd. 3), a term which is defined to mean an act whereby £ the estate of another is lessened, other than a personal injury or breach of con *362 tract.’ Code, § 3343, subd. 10. The defendants never obtained possession of the plaintiffs’ property, as in Whitney v. Hirsch, 39 Hun, 325, did no actual injury to it, but made a contract to purchase the property, which contract the plaintiffs rescinded because they discovered that the defendants, who assumed to act as brokers, were in fact acting as principals. The market fell, and the plaintiffs insist that they lost in consequence $7,500. The defendants may be liable for breach of duty and the difference in value may be the measure of recovery, but it does not follow that they injured the plaintiffs’ property within the legal meaning of that term. See Tracy v. Leland, 2 Sandf., 730 ; 3 Code R., 37; N. Ry. of France v. Carpentier, 13 How., 222; Teaz v. Christie, 2 Abb., 259. The defendants did nothing to lessen the estate of the plaintiffs, which remains as before, and it was not affected, except as to value, a thing controlled entirely by the fluctuations of the market, which at times rises and falls. The word .injury as used in the Code is not so elastic as to yield to such a changeable construction, but upon something which takes away the property, deprives the owner of its possession or inflicts some lasting injury upon it by direct means. The motion to vacate the attachment must be granted, with $10 costs.”
F. A. Thompson, attorney, and James J. Allen of counsel, for appellants.
Putney & Bishop, attorneys, and James L. Bishop of counsel, for respondents.
Per Curiam.
The order appealed from is affirmed, with ten dollars costs and disbursements, on the opinion of the court below.